UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON ALAN TESKY, <br><br> Plaintiff, <br><br> v. <br><br> LOGANSPORT POLICE DEPARTMENT, KYLE PERKINS, <br><br> Defendants. | CAUSE NO. 3:21-CV-438-JD-MGG |

OPINION AND ORDER

Jason Alan Tesky, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Tesky alleges that Logansport Police Officer Kyle Perkins used excessive force when arresting him on October 13, 2020. Tesky admits that during the arrest, he headbutted another officer on the scene. But, he alleges, after he was in handcuffs, Officer Perkins used a knee strike against him in the garage of the Cass County Jail, causing him pain.

"A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is whether the totality of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id*. An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest. *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009). "Factors relevant to the reasonableness inquiry include . . . whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016). Giving Tesky the inferences to which he is entitled at this stage, he states a plausible Fourth Amendment claim against Officer Perkins.

Tesky also lists the Logansport Police Department as a defendant but does not otherwise mention the department in the body of the complaint. The police department

2

is not a person or a policy-making unit of government that can be sued for constitutional violations under § 1983 and must be dismissed. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (concluding municipal police departments in Indiana are not a suable entity).

For these reasons, the court:

(1) GRANTS Jason Alan Tesky leave to proceed against Logansport Police Officer Kyle Perkins in his individual capacity for compensatory and punitive damages for using excessive force while arresting him on October 13, 2020, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Logansport Police Department;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Kyle Perkins at the Logansport Police Department, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(5) ORDERS the Logansport Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Kyle Perkins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 12, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT